# NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY
## *v.* WESTERN UNION TELEGRAPH COMPANY.

There is no provision of law in this State for an amendment to the notice to be given to the owner of property which is sought to be condemned for public purposes under the Civil Code, §§ 5206 et seq., while the matter is before the assessors. Accordingly, where, pending proceedings under an original notice to the owner of property, seeking its condemnation for public purposes under the code sections cited, a petition was filed by the condemnee against the condemnor, to enjoin the proceedings, and where there had been a bona fide selection by the condemnee of the same right of way sought to be condemned, under a ruling of this court in a similar case (*Western & Atlantic R. Co.* v. *Western Union Tel. Co.*, 138 *Ga.* 420), the condemnation could not be had under the original notice; and where subsequently the condemnor amended its original notice, setting out substantially a new cause of action, the court erred in not granting an injunction against the condemnation proceedings.

SEPTEMBER 30, 1914.

Petition for injunction. Before Judge Bell. Fulton superior court. September 6, 1913.

The Western Union Telegraph Company (hereinafter referred to as the telegraph company) sought to condemn a right of way over and along the right of way of the Nashville, Chattanooga & St. Louis Railway (hereinafter referred to as the railroad company) under the Civil Code, §§ 5206 et seq. Under the original notice of July 10, 1912, to the railroad company the telegraph company sought to condemn "a right of way upon which to construct (when necessary), maintain, and operate its telegraph line. . . The location of the right of way to be acquired is substantially that location now occupied by the telegraph line of the Western Union Telegraph Company in Georgia along main line of your railroad," etc. The railroad company filed a petition against the telegraph company to enjoin the condemnation proceedings. A temporary restraining order was granted, pending which this court decided, in the case of *Western & Atlantic Railroad Co.* v. *Western Union Telegraph Co.,* 138 *Ga.* 420 (75 S. E. 471, 42 L. R. A. (N. S.) 225), that the railroad company in that case had a preferential selection of the route, and that the telegraph company would be enjoined from condemning a route which had been selected by the railroad company for its telegraph line, when such route had been selected in good faith by the railroad company. On November 26, 1912, the telegraph company amended its notice to the railroad company,

by the statement: "Since you have announced your intention to build a telegraph line for railroad purposes in connection with the operation of your railroad, and for the location of such telegraph line you have selected the location heretofore selected by the Western Union Telegraph Company, that the Western Union Telegraph Company hereby agrees to shift the location of its proposed telegraph line and its desired right of way, and agrees to erect its fixtures, posts, and wires, and to construct, maintain, and operate its telegraph line upon such portion of your right of way and at such distance from the track of said railroad, and from your telegraph line constructed for railroad uses, as will not interfere with the ordinary use of such railroad telegraph line or right of way for railroad uses." The notice further stated, that in the location of the proposed line it would be erected of the character specified in the original condemnation notice, except as to the location, etc.; and that in the event it became necessary in the relocation of the line for the wires to cross the railroad tracks from time to time, the wires would be located so as to leave a space of twenty-five feet between the tracks and the lowest wires. The railroad company was further notified to name its assessor "to meet with the assessor named in the original notice served upon you, in order that the two assessors may select a third assessor, and that said assessors may meet, as by law provided, for the purpose of appraising the value of the said right of way, interests, and easements set forth, and consequent damages, if any."

In an amendment to its petition for injunction the railroad company, among other things, alleged that "there is no authority of law in this State, and under the peculiar provisions of its statutes, by which condemnation proceedings as such can be amended; that there is no official, court, or person, provided by such statutes to receive such an amendment," or to pass upon whether it is proper; that the condemnee, having been invited by the original notice of condemnation to select an assessor to ascertain values and damages, can not be compelled to have its assessor pass upon the question of values and damages as to different property, or to appoint another and different assessor; that if by the amendment it is proposed to condemn the same right of way, it is in violation of the order of the court, and if it is an effort to condemn a different location, such amendment could not be made, because it is nowhere stated that

the defendant has sought or failed to agree with plaintiff as to the property therein sought to be condemned; that there is no time or place mentioned for the meeting of assessors, and no time by or before which assessors should be named by the plaintiff; that in condemnation proceedings as provided by statute the property to be condemned must be so described as to enable the assessors to know what is sought to be taken, etc., and the proposed location of the property to be condemned is entirely lacking in the amendment, and no person can locate the property sought to be taken; that it is not even stated on which side of the plaintiff's main-line tracks lies the property sought to be condemned, nor at what distance from the center of the tracks it is proposed to locate the poles, the statement being "not nearer than 14 feet from the center of your main-line track" in Dade county, and "not nearer than 12 feet from the center of the main-line track" on the Rome Branch, limiting defendant to only one side; that it is inadequate for the defendant to seek to uphold the amendment by stating therein that the defendant "agrees" to erect and maintain its poles at such distance from the track and the telegraph line of plaintiff as will not obstruct or interfere with the ordinary use of the same for railroad purposes, as it would leave to the assessors the right to say where the lines of the defendant should be located, or whether a location at some particular point would interfere with the plaintiff's right to its right of way; that it is evidently the purpose of the defendant, under the alleged "agreement," to locate its poles on the same side of the right of way of plaintiff where they are at present located, and thus violate the spirit and purpose of the injunction already granted, otherwise the defendant would have stated in the "agreement" upon which side of plaintiff's main-line tracks it sought a location, etc.; that the telegraph company has no power under its own charter to condemn property in Georgia for the purpose of constructing telegraph lines, and, having no such authority in its charter, can not be aided in the making of the same by the laws of Georgia; that defendant was incorporated under the act of the legislature of the State of New York, entitled "An act to provide for the incorporation and regulation of telegraph companies," passed on April 12, 1848, which act provided for the incorporation of telegraph companies doing business wholly within the State of New York; that the act was subsequently amended so that the trustees

or directors might, with the written consent of persons owning two thirds of the capital stock of the company, extend the lines or construct branch lines to connect with their main lines, or unite with any other incorporated company, etc.; and that the defendant has never complied with the provisions of the act of the legislature of New York, so as to give it the right to extend its lines south of Louisville, Ky., as provided by its charter, and so as to exercise the right of eminent domain for the construction, etc., of its lines in the State of Georgia.

The defendant in its answer denied the material allegations of the petition. Upon the hearing the court ordered that the injunction be denied and the temporary restraining order be dissolved. To this judgment the railroad company excepted.

*Tye, Peeples & Jordan,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendant.

HILL, J. (After stating the foregoing facts.) The first contention raised by the plaintiff in error for decision is, that there is no law in Georgia for amending a notice given to an owner of land as a prerequisite of condemning the land; and, if there is such law, that the amendment proposed in this case was not sufficient and could not be allowed. Sections 5206 et seq. of the Civil Code of 1910 provide how private property can be condemned for public purposes by corporations. It is provided that if the corporation can not by contract procure the land necessary for public purposes, it shall be lawful for the corporation to take or damage the property upon paying or tendering to the owner just and adequate compensation for the land. § 5607. If the parties can not agree upon the compensation to be paid, then it is provided how the compensation shall be assessed and determined. § 5608. And the next step looking to condemnation is a provision for a notice to the owner of the land. It is provided in section 5209 that the corporation or person seeking to condemn property for public purposes shall serve a notice upon the owner of the property. "All notices shall be directed to the owner or owners, and shall describe the property or franchise and the amount of interest therein sought to be condemned, fix the time when the hearing will be had on the premises, give the name of the assessor selected by said corporation, and request the owner, trustee, or representative, as the case may be, to select an assessor." § 5218; see also § 5236. It will be seen

that there is no provision in this section for an amendment, before the assessors, to the notice to be given to the owner of the land. The defendant in error relies on the case of *Savannah &c. Ry. Co. v. Postal Tel. Co.,* 115 *Ga.* 554 (42 S. E. 1), as authority for the right to amend a notice to be given the owner of land in a condemnation proceeding. That case was decided by five Justices. It was held that "The amendment to the original notice was properly allowed, and inured to the benefit of the railway company." The original record in that case shows that the notice was amended at the hearing before the assessors. In the body of the opinion it was said (pp. 560-561) : "The original notice of condemnation served by the telegraph company on the railroad company stated that the proposed line would be constructed 'with poles about twenty-five feet in length, and one foot in diameter at the base, and planted at a depth of five feet in the ground and about one hundred and sixty-seven feet apart on said right of way, making about thirty-one poles to the mile; and said poles will be situated about thirty feet from the center of the railroad track, which is located about the center of your right of way, being on an average of one hundred and fifty feet in width. . . Said poles will nowhere be planted upon any of the embankments of said railway company, nor will said wires be attached or fastened to any of the bridges or trestle work of said railway company.' We fail to see how, under the circumstances, a more definite description could be given as to the location of the proposed line. The railroad company, however, demurred to the notice; and the telegraph company amended by inserting, at a suitable point in the description of the proposed location of its line, the words : 'or at such other distance from the track as may be preferred and designated by your company, not nearer the outer edge of the right of way than six feet.' It needs no argument to show that the amendment, offering as it did to allow the railroad company to select the line which should be followed, even had it been indefinite, was not one of which the railroad company can justly complain. The amendment was germane and properly allowed." No authority was cited by the learned judge who delivered that opinion as supporting the ruling there made. And he evidently did not attach much importance to the amendment; for it was held in the headnote, that "The description of the property sought to be condemned, as made in the original notice, was

34

not open to the objection that it was vague and indefinite," and that the amendment, which had relation to the description, "inured to the benefit of the railway company." In the absence of some express authority authorizing an amendment of a notice to the owner of land sought to be condemned, we can not agree to the soundness of the proposition there announced. We are aware of the liberality of the law of amendments in this State; but, so far as we find, this rule as to amendments relates to some proceedings before duly authorized courts or tribunals which have power to pass upon the legality of the amendment and whether it is germane to the issue on trial.

It is said in 2 Lewis on Eminent Domain, 994, § 561, that "The question of the right or power to amend the petition depends on various considerations: The nature of the tribunal before which the proceeding is pending, the statutes applicable to the particular case, the nature of the amendments proposed to be made, and the stage of the proceeding at which the amendment is moved." Defendant in error cites a number of outside authorities holding that proceedings to condemn land for public purposes can be amended; but in most, if not all, of the cases cited either the proceedings were begun by petition in some court, or express authority to amend was given by statute. It may be remarked that, in a case closely analogous to the one under consideration as to the method of procedure, it was held that an amendment was not allowable. Perry *v.* Inhabitants of Sherbourne, 11 Cush. 388. In such cases as those referred to above, it may be that the amendment is allowable; but in the instant case the proceeding was not begun in a court, but before assessors, who have no power to rule on the allowance of amendments; nor is express authority conferred by statute on the applicant to amend the notice required to be given the owner whose land is sought to be condemned. It is true that the temporary order of the judge, restraining the defendant from proceeding with the condemnation, granted "permission to defendant to amend its original condemnation notice served on plaintiff July 10, 1912, so as to describe such other location selected by it; provided said location so selected, and by amendment so sought to be condemned, shall be such location on the right of way of plaintiff as will not interfere with the ordinary use of said right of way of plaintiff for railroad purposes, nor interfere with the telegraph

line for railroad purposes constructed or to be constructed by plaintiff on the location heretofore selected by it." But if there is no authority of law for allowing an amendment to a notice in such proceedings, the order of the judge can not confer such authority.

Pending the original notice to the railroad company to condemn part of its right of way by the telegraph company, the railroad company filed a petition against the telegraph company to enjoin the condemnation proceeding. A temporary restraining order was granted, pending which this court decided, in the case of the *Western & Atlantic R. Co.* v. *Western Union Tel. Co.,* supra, that the railroad company in that case had a preferential selection of the route, and that the telegraph company would be enjoined from condemning a route which had been selected by the railroad company for its telegraph line, when such line had been selected in good faith by the railroad company. That ruling is applicable to the instant case, as was recognized by the defendant in error. Subsequently to the rendition of the above decision, the telegraph company amended its original notice to the railroad company, as set out in the foregoing statement of facts. Under the above-mentioned ruling the condemnor could not condemn under the original notice; and as there is no provision of law, after a notice has been given and before any award, for amending the notice, the court erred in not granting the injunction prayed for. This being so, it is unnecessary to decide the other questions raised by the bill of exceptions, as to whether the amendment contained a sufficiently accurate description of the land sought to be condemned, or whether it failed to fix the time and place for a hearing of the condemnation proceedings.    *Judgment reversed. All the Justices concur.*