WESTERN UNION TELEGRAPH CO. v. NASHVILLE, C. & ST. L. RY.

(District Court, N. D. Georgia. July 14, 1917.)

No. 24.

EMINENT DOMAIN ⨷172—PROCEEDINGS TO CONDEMN PROPERTY—JURISDICTION OF EQUITY.

A court of equity is not the proper tribunal for a proceeding to condemn the right to maintain telegraph poles and wires on the right of way of a railway company on which they have been maintained under a contract with the railway.

In Equity. Suit by the Western Union Telegraph Company against the Nashville, Chattanooga & St. Louis Railway. On motion to dismiss. Motion sustained.

See, also, 233 Fed. 605.

Wm. L. Clay, of Savannah, Ga., and Brewster, Howell & Heyman, of Atlanta, Ga., for plaintiff.

Claude Waller, of Nashville, Tenn., and Tye, Peeples & Jordan, of Atlanta, Ga., for defendant.

NEWMAN, District Judge.   Under the right granted by the decision of the Circuit Court of Appeals in this case (238 Fed. 38, —— C. C. A. ——), the plaintiff in this bill has filed quite a lengthy amendment.   This amendment is substantially the same as that made in the case of Western Union Telegraph Co. v. Atlanta & West Point Railroad Co., 243 Fed. 685, and Same v. Louisville & Nashville Railroad Co., 243 Fed. 687, which have just been disposed of, and in which brief opinions have been filed.

What has been said in those cases as to the plaintiff's amendment, and particularly what was said in the case against the Louisville & Nashville Railroad Company as to the amendment with reference to the condemnation proceedings in the state court, is applicable to this case.   The Western Union Telegraph Company, in its efforts to institute and carry out condemnation proceedings for right of way over the defendant's road from Rome to Kingston, and over three or four miles of the main line of the Nashville, Chattanooga & St. Louis Railway running through Dade county, which had the same objections to that, and in which the same decisions were rendered that were made by the Supreme Court of Georgia in the case against the Louisville & Nashville Railroad.   138 Ga. 432, 75 S. E. 477; 142 Ga. 525, 83 S. E. 126.

I am unable to see in this case, as in the Louisville & Nashville Railroad Company Case, how the effort made by the plaintiff to condemn the right to place its poles and wires on the defendant's right of way, in this proceeding in equity, is strengthened by what it did in the state court.   It looks to me more like a decision against the telegraph company as to its right.   Independently of where or how the right is asserted to occupy the right of way of the railroad company, it is of no assistance to it in this proceeding.   My own opinion, as heretofore stated, is that a court of equity is not the proper place for a condemnation proceeding such as is instituted here.   This would be true, I think, whether proceedings had been previously attempted under the state statutes or not.

The other part of the amendment simply amplifies what was before contained in plaintiff's bill, and is not sufficient to add strength to the case here in any way.

The motion to dismiss the amendment will be sustained.